# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * *
SCOTT VALEEN,                          *
                                       *    No. 16-390V
              Petitioner,              *    Special Master Christian J. Moran
                                       *
v.                                     *    Filed: December 9, 2022
                                       *
SECRETARY OF HEALTH                    *    Attorneys' Fees and Costs
AND HUMAN SERVICES,                    *
                                       *
              Respondent.              *
* * * * * * * * * * * * * * * * * * * * *
```

<u>Renee J. Gentry</u>, Vaccine Injury Clinic, George Washington Univ. Law School, Washington, DC, for Petitioner;
<u>Naseem Kourosh</u>, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is Scott Valeen's ("petitioner") motion for final attorneys' fees and costs. He is awarded **$64,350.31**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On March 28, 2016, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that an influenza vaccination administered on September 11, 2013, which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused him to suffer granulomatosis with polyangiitis. The parties filed a series of expert reports, with petitioner retaining Dr. Yehuda Shoenfeld and respondent retaining Dr. Lindsay Whitton and Dr. Robert Lightfoot. Thereafter the parties filed briefs addressing their positions. The undersigned issued his decision dismissing the petition for insufficient proof on November 30, 2021. 2021 WL 6137878.

On March 22, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $53,632.10 and attorneys' costs of $40,376.86 for a total request of $94,008.96. Fees App. at 1. Pursuant to General Order No. 9, petitioner has indicated that he has personally incurred costs totaling $23.95 related to the prosecution of his petition. Id. at 2. On March 23, 2022, respondent filed a response to petitioners' motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that good faith and reasonable basis have been satisfied. Respondent's position greatly contributes to the finding of reasonable basis. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.") A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine

2

reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

> A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Petitioner requests the following rates of compensation for the work of his counsel: for Ms. Renee Gentry, $400.00 per hour for work performed in 2015, $415.00 per hour for work performed in 2016, $424.00 per hour for work performed in 2017, $435.00 per hour for work performed in 2018, $445.00 per hour for work performed in 2019, $464.00 per hour for work performed in 2020, $489.00 per hour for work performed in 2021, and $504.00 per hour for work performed in 2022; and for Mr. Clifford Shoemaker, $415.00 per hour for work performed in 2015, $430.00 per hour for work performed in 2016, $440.00 per hour for work performed in 2017, $450.00 per hour for work performed in 2018, and $460.00 per hour for work performed in 2019. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein for work performed in the instant case. See, e.g., Chilazi v. Sec'y of Health & Human Servs., No. 17-221V, 2021 WL 3931913 (Fed. Cl. Spec. Mstr. July 1, 2021); Temes v. Sec'y of Health & Human Servs., No. 16-1465V, 2021 WL 2375787 (Fed. Cl. Spec. Mstr. Apr. 15, 2021);

Hoefling v. Sec'y of Health & Human Servs., No. 18-1935V, 2020 WL 6109440 (Fed. Cl. Spec. Mstr. Sep. 14, 2020).

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds that a reduction to the time billed must be made for several reasons. First, many of Mr. Shoemaker's billing entries for communication (such as phone calls and e-mails to the client and other parties) is vague because it does not mention the topic of the communication. As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011). Mr. Shoemaker has previously been cautioned that his billing entries should contain greater detail. Oliver v. Sec'y of Health & Human Servs., No. 10-394V, 2019 WL 2246727 (Fed. Cl. Spec. Mstr. Apr. 16, 2019); Price v. Sec'y of Health & Human Servs., No. 11-442V, 2019 WL 1796100 (Fed. Cl. Spec. Mstr. Mar. 22, 2019); Prokopeas v. Sec'y of Health & Human Servs., No. 04-1717V, 2017 WL 6763067 (Fed. Cl. Spec. Mstr. Dec. 5, 2017). Mr. Shoemaker has also billed for administrative/clerical tasks such as receiving and paying invoices while billing at an attorneys' hourly rate when such tasks should have been billed at the rate of a paralegal/administrative assistant or not billed at all.  See Valdes v. Sec'y of Health & Human Servs., 89 Fed. Cl. 415, 425 (2009).

This issue of vagueness is also present in many of the billing entries prepared by the GWU Vaccine Clinic students. For example, there are many entries captioned as "Emailed Mr. Valeen an update on the status of his case." Fees App. at 24. It is presumed that any e-mail sent to the client concerns his case because non-case related communication would not be compensable and shouldn't be billed. Merely noting that an update is provided does not provide enough information for the undersigned to assess the reasonableness of the time billed, particularly when all these entries are billed for the same amount of time (0.3 hours).

The undersigned also notes some general issues which have more to do with the general administration of the Vaccine Clinic that would not be present in a traditional law firm or solo practitioner setting such as e-mails from the students to Ms. Gentry and Mr. Shoemaker about the case. To Ms. Gentry's credit, these issues are far less prevalent than they have been in past cases involving the Vaccine Clinic. See, e.g., Akintaju v. Sec'y of Health & Human Servs., No. 17-1574V, 2022 WL 4115664 (Fed. Cl. Spec. Mstr. Aug. 8, 2022).

Overall, the undersigned finds that a five percent reduction is appropriate in order to achieve "rough justice." Fox v. Vice, 563 U.S. 826, 838 (2011). Petitioner is therefore awarded attorneys' fees in the amount of $50,950.50.

C.   Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $40,376.86 in attorneys' costs. Most of this is comprised of costs for three different medical experts, which shall be discussed in greater detail.

Petitioner requests $14,700.00 (representing 26 hours billed at $350.00 per hour and 14 hours billed at $400.00) per hour for work performed by Ms. Judy Mikovits. The undersigned and other special masters have written extensively on the nature of Ms. Mikovits' qualifications and quality of her Vaccine Program work which do not need to be fully discussed here. See, e.g., Dominguez v. Sec'y of Health & Human Servs., No., 2018 WL 3028975 (Fed. Cl. Spec. Mstr. May 25, 2018). In the instant case, Ms. Mikovits' work was of no help to petitioner's case and was ultimately stricken from the record at the request of petitioner. See Mot. to Strike, filed April 1, 2021.

In a later fees decision in Dominguez, the undersigned cautioned that "petitioners and petitioners' counsel should be forewarned that because of the substantial issues with Ms. Mikovits' performance as an expert witness, expecting any reimbursement for her work-product going forward, at least from the undersigned special master, would be misguided." 2019 WL 3315270, at *12. However, because Ms. Mikovits was retained prior to this warning, it is reasonable to reimburse petitioner some amount of the work she performed in this case. As he has done in the past, the undersigned will reimburse Ms. Mikovits' work at $75.00 per hour.

5

A reduction to the hours billed is also warranted. Ms. Mikovits' supplemental report was five pages in length with over three of those pages devoted to discussing her research and credentials rather than specifics of the case. Even if it were not stricken from the record, this report would have provided nothing to support petitioner's claim, and to reimburse anything for its production would be a misuse of resources. See Frantz v. Sec'y of Health & Hum. Servs., 146 Fed. Cl. 137, 146 (2019) (noting the "danger" of compensating experts "for mere participation"). Ms. Mikovits' invoice for the preparation of her initial report is also vague, with blocks of time billed for "Review medical records" or "Review additional materials from lawyer" without any specific information on what was being reviewed. Based upon a review of the hours billed compared to the work product submitted, the undersigned shall reduce the total hours by half. Accordingly, a reasonable amount for Ms. Mikovits' work in the instant case is $1,500.00.

Next, petitioner requests $10,670.00 (representing 30.8 hours billed at $345.00 per hour plus $44.00 in costs for postage/copies/notary service) for the work of Dr. Richard Honaker. Dr. Honaker did not submit any work product into the record for the undersigned to review. Rather, it appears that Dr. Honaker was retained to review medical records and prepare a case summary which was used internally by petitioner's counsel. Dr. Honaker has been used in a similar manner before by counsel to provide a summary to assist a retained expert. Jaffri v. Sec'y of Health & Human Servs., No. 13-484V, 2016 WL 7319407 (Fed. Cl. Spec. Mstr. Sept. 30, 2016). Additionally, counsel in this case have previously utilized the efforts of a doctor in reviewing and summarizing medical records on their behalf. Hodge v. Sec'y of Health & Human Servs., No. 09-453V, 2017 WL 1315716, at *5 (Fed. Cl. Spec. Mstr. Mar. 9, 2017). In Hodge, the undersigned awarded Dr. Mark Greenspan $250.00 per hour for his review and summarization of records. A similar hourly rate would be reasonable for Dr. Honaker's work in the instant case. Dr. Honaker's hours billed appear reasonable for the work performed. Therefore, a reasonable amount for his work in this case is $7,744.00.

Finally, petitioner requests $14,500.00 (representing 29 hours billed at $500.00 per hour) for the work of Dr. Yehuda Shoenfeld, who reviewed the medical records and prepared two expert reports. Dr. Shoenfeld's hours expended on this matter are reasonable. However, Dr. Shoenfeld's work product was poor. As explained in the decision denying compensation, Dr. Shoenfeld's medical theory was premised upon adjuvants even though the vaccine that petitioner received did not contain adjuvants and strong evidence existed that the Fluzone vaccine does not contain adjuvants, making his choice to base his theory on

adjuvants unhelpful for petitioner. Furthermore, even if the theory did not depend upon adjuvants, his theory was unpersuasive because his theory of molecular mimicry was vague and underdeveloped. 2021 WL 6137878 at *6-7. Finally, even if Dr. Shoenfeld presented a cohesive theory, he presented a confusing proximate temporal relationship between the vaccination and petitioner's GPA. Id. at *8. While Dr. Shoenfeld's work in other cases has warranted a high hourly rate, his work in this case was not. See Frantz, 146 Fed. Cl. at 146 (finding a special master's reduction to an expert's hourly rate appropriate based on the expert's work in the case).  For all these reasons, the undersigned finds that $125.00 per hour is a reasonable hourly rate for Dr. Shoenfeld's work in this case. Therefore, a reasonable amount for his work is $3,625.00.

The remainder of the costs are comprised of acquiring medical records and medical literature, and the Court's filing fee. These costs are reasonable and shall be fully reimbursed. Additionally, pursuant to General Order No. 9, petitioner has indicated that he has personally incurred costs of $23.95 for postage. These costs are also reasonable and shall be fully reimbursed.

Accordingly, petitioner is awarded final attorneys' costs of $13,375.86 and personal costs of $23.95.

D.      Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards the following:

1) a total of **$64,326.36** (representing $50,950.50 in attorneys' fees and $13,375.86 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and his counsel, Ms. Renee Gentry; and

2) a total of **$23.95** as a lump sum in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED**.

s/Christian J. Moran  
Christian J. Moran  
Special Master